| | |
|---|---|
| LUMINOR CONSULTING CORP.; ) <br> DLC ELITE LENDING CORPORATION; ) <br> HEARD CONCRETE CONSTRUCTION ) <br> CORP.; THOMAS DAVIS; ) <br> KEVIN HARRISON, ) <br>　　　　　　　　　　　　　　　　　) <br>　　　Plaintiffs, ) <br>　　　　　　　　　　　　　　　　　) <br> v. ) <br>　　　　　　　　　　　　　　　　　) <br> DR. ADEL ELMESSIRY and ) <br> WEBDBTECH, INC., ) <br>　　　　　　　　　　　　　　　　　) <br>　　　Defendants/Counterplaintiff, ) <br>　　　　　　　　　　　　　　　　　) <br> v. ) <br>　　　　　　　　　　　　　　　　　) <br> LUMINOR CONSULTING CORP.; ) <br> EMTECH, HEARD CONCRETE ) <br> CONSTRUCTION CO., ANISH PABARI, ) <br> ROB ABENANTE, TOM DAVIS, and ) <br> JEFFREY HOU YIN HO, ) <br>　　　　　　　　　　　　　　　　　) <br>　　　Counterdefendants. ) | Civil Action No. 3:22-CV-00555 <br><br> Judges Richardson and Frensley <br><br> Jury Demanded |

## WEBDBTECH'S ANSWER AND COUNTERCLAIM

WebDBTech, Inc. ("WebDBTech"), by and through counsel, submits this Answer and Counterclaim to Plaintiffs' Complaint:

### INTRODUCTION

Dr. Adel ELMessiry and the company he partially owns, WebDBTech, are the victims in this matter. Dr. ELMessiry was solicited by three individuals: Anish Pabari, Rob Abenante, and Tom Davis to enter into a partnership related to the creation of the ROBe2 protocol. The

1

partnership engaged WebDBTech for its expertise in software development and Blockchain technology and demanded a fast timeline to create the ROBe2 protocol. WebDBTech fully performed and delivered its product in the form of Non-Fungible Tokens for investors. During this time, Pabari, Abenante, and Davis hatched a scheme to take WebDBTech public and use it to sell the ROBe2 protocol. However, Dr. ELMessiry discovered that the true intentions of his partners were to use WebDBTech as the vehicle for a means to scam its investors. When Dr. ELMessiry refused to allow WebDBTech to be used in this manner, his partners turned on him and refused to pay the debt owed to WebDBTech for its services. In addition to not paying their debt, Pabari, Abenante and Davis have profited from investors in the ROBe2 protocol but have neither given Dr. ELMessiry his share of the profits nor paid WebDBTech what is owed.

## ANSWER

1. Upon information and belief, WebDBTech admits the allegations in Paragraph 1.
2. Upon information and belief, WebDBTech admits the allegations in Paragraph 2.
3. Upon information and belief, WebDBTech admits the allegations in Paragraph 3.
4. Upon information and belief, WebDBTech admits the allegations in Paragraph 4.
5. Upon information and belief, WebDBTech admits the allegations in Paragraph 5.
6. WebDBTech admits the allegations contained in Paragraph 6.
7. WebDBTech admits the allegations contained in Paragraph 7.
8. WebDBTech admits the allegations contained in Paragraph 8.
9. WebDBTech admits the allegations contained in Paragraph 9.
10. WebDBTech admits the allegations contained in Paragraph 10.
11. The allegations in Paragraph 11 are not directed to WebDBTech so no response is required.
12. The allegations in Paragraph 12 are not directed to WebDBTech so no response is required.

13. WebDBTech admits that funds in the total amount of $698,647 were wired to its account at various times but denies the remaining allegations of Paragraph 13 and states that the chart in this Paragraph incorrectly names the wiring parties as well as the amounts wired.

14. The allegations in Paragraph 14 are not directed to WebDBTech so no response is required.

15. The allegations in Paragraph 15 are not directed to WebDBTech so no response is required.

16. The allegations in Paragraph 16 are not directed to WebDBTech so no response is required.

17. The allegations in Paragraph 17 are not directed to WebDBTech so no response is required.

18. The allegations in Paragraph 18 are not directed to WebDBTech so no response is required.

19. The allegations in Paragraph 19 are not directed to WebDBTech so no response is required.

20. WebDBTech denies the allegations in Paragraph 20.

21. The allegations in Paragraph 21 are not directed to WebDBTech so no response is required.

22. The allegations in Paragraph 22 are not directed to WebDBTech so no response is required.

23. WebDBTech admits that there was an endeavor, independent from the partnership, to make it a public company and that two accounting firms were allegedly brought in to prepare financial records; other allegations are not directed to WebDBTech so no response is required; any other allegations in Paragraph 23 are denied.

24. WebDBTech is without sufficient information to admit or deny the allegations contained in Paragraph 24.

25. The allegations in Paragraph 25 are not directed to WebDBTech so no response is required.

26. WebDBTech denies the allegations in Paragraph 26.

27. The allegations in Paragraph 27 are not directed to WebDBTech so no response is required.

28. The allegations in Paragraph 28 are not directed to WebDBTech so no response is required.

29. The allegations in Paragraph 29 are not directed to WebDBTech so no response is required.

30. The allegations in Paragraph 30 are not directed to WebDBTech so no response is required.

31. The allegations in Paragraph 31 are not directed to WebDBTech so no response is required.

32. The allegations in Paragraph 32 are not directed to WebDBTech so no response is required.

33. The allegations in Paragraph 33 are not directed to WebDBTech so no response is required.

34. The allegations in Paragraph 34 are not directed to WebDBTech so no response is required.

## COUNT I – BREACH OF ORAL CONTRACT

35. No response is required.

36. The allegations in Paragraph 36 are not directed to WebDBTech so no response is required.

37. The allegations in Paragraph 37 are not directed to WebDBTech so no response is required.

38. The allegations in Paragraph 38 are not directed to WebDBTech so no response is required.

39. The allegations in Paragraph 39 are not directed to WebDBTech so no response is required.

40. The allegations in Paragraph 40 are not directed to WebDBTech so no response is required.

41. The allegations in Paragraph 41 are not directed to WebDBTech so no response is required.

42. The allegations in Paragraph 42 are not directed to WebDBTech so no response is required.

43. The allegations in Paragraph 43 are not directed to WebDBTech so no response is required.

44. The allegations in Paragraph 44 and the following prayer for relief are not directed to WebDBTech so no response is required.

## COUNT II - CONVERSION

45. No response is required.

46. WebDBTech denies the allegations in Paragraph 46.

47. WebDBTech denies the allegations in Paragraph 47.

48. WebDBTech denies the allegations in Paragraph 46.

49. WebDBTech is without sufficient information to admit or deny the allegations contained in Paragraph 49.

50. WebDBTech is without sufficient information to admit or deny the allegations contained in Paragraph 50.

51. WebDBTech denies the allegations in Paragraph 51.

52. WebDBTech denies the allegations in Paragraph 52.

53. WebDBTech denies the allegations in Paragraph 53 and denies that Plaintiffs are entitled to the requests in their prayer for relief.

## COUNT III - FRAUD

54. No response is required.

55. The allegations in Paragraph 55 are not directed to WebDBTech so no response is required.

56. The allegations in Paragraph 56 are not directed to WebDBTech so no response is required.

57. The allegations in Paragraph 57 are not directed to WebDBTech so no response is required.

58. The allegations in Paragraph 58 are not directed to WebDBTech so no response is required.

59. The allegations in Paragraph 59 and the following prayer for relief are not directed to WebDBTech so no response is required.

## COUNT IV – BREACH OF FIDUCIARY DUTY

60. No response is required.

61. The allegations in Paragraph 61 are not directed to WebDBTech so no response is required.

62. The allegations in Paragraph 62 are not directed to WebDBTech so no response is required.

63. The allegations in Paragraph 63 are not directed to WebDBTech so no response is required.

64. The allegations in Paragraph 64 are not directed to WebDBTech so no response is required.

65. The allegations in Paragraph 65 and the following prayer for relief are not directed to WebDBTech so no response is required.

66. The allegations in Paragraph 66 are not directed to WebDBTech so no response is required.

## COUNT V – PROMISSORY ESTOPPEL

67. No response is required.

68. The allegations in Paragraph 68 are not directed to WebDBTech so no response is required.

69. The allegations in Paragraph 69 are not directed to WebDBTech so no response is required.

70. The allegations in Paragraph 70 are not directed to WebDBTech so no response is required.

71. The allegations in Paragraph 71 are not directed to WebDBTech so no response is required.

72. The allegations in Paragraph 72 are not directed to WebDBTech so no response is required.

73. The allegations in Paragraph 73 and the following prayer for relief are not directed to WebDBTech so no response is required.

## ADDITIONAL DENIALS AND RESERVATION OF RIGHTS

WebDBTech denies that Plaintiffs are entitled to the relief they seek in their demand for damages. WebDBTech also denies all allegations of fault as stated in Plaintiffs' Complaint. To the extent that an allegation has not been directly addressed, answered, or explained, that allegation is hereby denied. WebDBTech reserves the right to supplement its Answer and Affirmative Defenses to the Complaint as discovery proceeds in this litigation.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Any alleged damages were not proximately caused by WebDBTech.

3. Any alleged damages are speculative.

4. Plaintiffs have failed to mitigate their alleged damages.

5. Certain Plaintiffs have no standing to sue WebDBTech and are not the real party in interest.

6. Plaintiffs have failed to join necessary and/or indispensable parties.

7. Plaintiffs' claims may be barred or limited by the applicable statute of limitations and/or statute of repose.

8. Plaintiffs' claims may be barred or limited by the doctrines of waiver, release, laches, unclean hands, and/or estoppel.

## COUNTERCLAIM

Wherefore, WebDBTech assumes the role of Counterplaintiff and brings the following counterclaim in this matter against the Plaintiffs/Counterdefendants and additional parties identified below:

## PARTIES

1. WebDBTech is a Delaware corporation with its principal place of business located at 9370 Bournsmouth Ct., Brentwood, Tennessee 372027

2. Luminor Consulting Corp. ("Luminor") is Plaintiff in this matter subject to this Counterclaim.

3. Tom Davis is a Plaintiff in this matter subject to this Counterclaim.

4. Anish Pabari is an individual located at 3086 Butternut Street, Coquitlam, BC V3C 3M8.

5. Rob Abenante is an individual located at 600-666 Burrard Street, Vancouver, B.C. Canada.

6. Jeff Hou Yin Ho is an individual located at 1603-8570 Rivergrass Drive, Vancouver, B.C. V5S 0H4.

7. EMTech is a business allegedly located at 201A Dexter St. West Chesapeake, VA 23324. Upon information and belief, it is not a lawfully formed or registered company and is the alter ego of Tom Davis and Heard Concrete Construction Corp. ("Heard"), both Plaintiffs in this matter.

8. Collectively, Luminor, Davis, Pabari, Abenante, Hou Yin Ho, EMTech, and Heard are the Counterdefendants.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy, excluding interest and costs, exceeds $75,000.

10. This Court has personal jurisdiction over the Counterdefendants because, among other reasons, they subjected themselves to the jurisdiction of this State by transacting business in Tennessee with WebDBTech.

11. Venue is proper in this Court because, among other reasons, this is a compulsory counterclaim and under 28 U.S.C § 1391, a substantial portion of the events giving rise to this claim occurred in this State, which is the principal place of business for WebDBTech.

## FACTS

12. WebDBTech was engaged to develop the software and hardware necessary for the development of an innovative, renewable energy-based Blockchain protocol called Renewable Obligation Base Energy Economy (the "ROBe2 Protocol").

13. WebDBTech was hired to perform this work in an aggressive timeline, such that it had to primarily focus only on the ROBe2Protocol to the exclusion of other projects.

14. WebDBTech was engaged to do this by the partnership comprised of Adel ELMessiry, Thomas Davis, Rob Abenante, and Anish Pabari.

15. WebDBTech also had four written contracts for the performance of portions of the ROBe2Protocol.

16. Those contracts were with 1.) EMTech (alter ego of Davis and Heard) for the sum of $400,000, attached hereto as Exhibit A; 2.) Anish Pabari for the sum of $200,000, attached hereto as Exhibit B; 3.) Jeffrey Hou Yin Ho for the sum of $200,000, attached hereto as Exhibit C; and 4.) Luminor Consulting Corp. for the sum of $280,000, attached hereto as Exhibit D.

17. The Luminor and EMTech contracts with WebDBTech were unsigned. Both the Luminor and EMTech contracts were assented to by the parties to be charged.

18. None of the contracting parties in Exhibits A – D have fully paid their contracted amount.

19. WebDBTech was paid a total of $698,647 for a portion of this work. That payment was made as follows: $266,000 from EMTech via Heard for the benefit of Tom Davis; $265,980 paid by various individuals for the benefit from Anish Pabari; and $166,667 paid by Luminor Consulting for the benefit of Rob Abenante.

20. WebDBTech, is still owed $1,600,753 for the work it did for the ROBe2 Protocol. Of that amount, Counterdefendants Davis, Pabari, and Abenante owe $1,000,753.

21. WebDBTech continues to incur expenses for the maintenance of the ROBe2Protocol for which it is not being compensated. Currently, the maintenance for the software is $50,000 per month, but that amount will increase in January of 2023.

22. In addition, WebDBTech incurred several thousand dollars of needless accounting bills required by the partnership for its plan to turn WebDBTech into a public company.

23. WebDBTech has fully performed its work on the ROBe2 protocol and has timely delivered the Non-Fungible Tokens ("NFTs) to the investors in the protocol. The only remaining deliverables are to turn over the software and the keys to the protocol. WebDBTech has offered

to do this many times upon resolution of the outstanding debt, but Counterdefendants have refused its offers.

24. WebDBTech continues to suffer financially as a result of the acts committed by Counterdefendants due to its ongoing costs for the ROBe2 protocol and the services which have not been paid related to the ROBe2 protocol, plus its lost opportunity costs for the work it performed in a compressed timeline.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACTS
**(Against EMTech/Heard/Davis, Pabari, Hou Yin Ho and Luminor)**

25. WebDBTech realleges and incorporates by reference the allegations above.

26. WebDBTech had a separate Software Development Services Agreements with EMTech/Heard/Davis, Pabari, Hou Yin Ho, and Luminor to perform software development for a fee.

27. WebDBTech has performed the services required in each of these contracts, attached hereto as Exhibits A, B, C, and D.

28. EMTech/Heard/Davis has breached its contract as it continues to owe an outstanding balance of $134,000.

29. Pabari has breached his contract as he continues to owe an outstanding balance of $67,010.

30. Hou Yin Ho has breached his contract as he continues to owe an outstanding balance of $67,010.

31. Luminor has breached its contract as it continues to owe an outstanding balance of $113,333.

32. As a result of these breaches, WebDBTech has suffered injuries the amount of $381,353, plus interest.

## COUNT II – BREACH OF ORAL CONTRACT
### (Against Davis, Abenante, and Pabari)

33. WebDBTech realleges and incorporates by reference the allegations above.

34. The partnership of ELMessiry, Davis, Abenante and Pabari hired WebDBTech to develop the ROBe2 Protocol, and the parties had an oral contract for this development work in addition to the contracted amounts discussed above.

35. WebDBTech has performed the services for which it was hired and is owed an additional $1,000,753 for software development services, the hardware and maintenance from Davis, Abenante and Pabari.

36. Davis, Abenante and Pabari have breached this oral agreement by failing to remit full payment to WebDBTech. In addition to the $1,000,753 owed, the partnership is responsible for ongoing fees of $50,000 per month for maintenance of the software by WebDBTech.

37. As a result of these breaches, WebDBTech has suffered injuries the amount of $1,000,753, plus interest and ongoing maintenance fees.

## COUNT III – UNJUST ENRICHMENT
### (Against all Counterdefendants)

38. WebDBTech realleges and incorporates by reference the allegations above.

39. Based on publicized media articles and signed investor acknowledgments, Counterdefendants have obtained investors for the ROBe2 protocol.

40. Counterdefendants have been unjustly enriched by not only the funds received from these investors but also by the NFTs provided by WebDBTech to the investors.

41. It would be unjust for Counterdefendants to retain these benefits without payment to WebDBTech for its services.

42. WebDBTech has been harmed by Counterdefendants' actions, and Counterdefendants should be ordered to disgorge its profits.

## COUNT IV – CONVERSION
### (Against all Counterdefendants)

43. WebDBTech realleges and incorporates by reference the allegations above.

44. Counterdefendants have improperly converted the NFTs provided to them by WebDBTech.

45. Counterdefendants' wrongful actions have unlawfully benefited their business and caused damage to WebDBTech.

46. Counterdefendants' retention and/or use of these NFTs is wrongful, unjust, and against the rights of WebDBTech.

## PRAYER FOR RELIEF

WHEREFORE, WebDBTech prays for the following relief:

A. Judgment in favor of WebDBTech and against Counterdefendants on all the causes of action alleged above;

B. All monetary damages in an amount to be determined at trial for which it is entitled under the causes of action alleged above;

C. Compensatory damages in an amount to be determined by the trier of fact to be fair and reasonable;

D. Prejudgment and post-judgment interest;

E. Reasonable attorney fees, expenses and costs; and

F. Such other, further and general relief as this Court deems just and equitable.

## REQUEST FOR JURY TRIAL

WebDBTech hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Tara L. Swafford
THE SWAFFORD LAW FIRM, PLLC
Thomas Anthony Swafford BPR #17578
Tara L. Swafford BPR #17577
Elizabeth G. Hart, BPR #30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tony@swaffordlawfirm.com
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and exact copy of the foregoing document has been served via email, U.S. Mail, or the Court's Electronic Filing System on:

Charles H. Williamson
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 372019
charley.williamson@wallerlaw.com

Christopher D. Davis
Destinee B. Byers
DAVIS LAW, PLC
555 Bellaire Ave., Ste. 340
Chesapeake, Virginia 23320
chris@davislawplc.com
destinee@davislawplc.com

this 16th day of September, 2022.

                 /s/  Tara L. Swafford
                     Tara L. Swafford