UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUMINOR CONSULTING CORP.; ) <br> DLC ELITE LENDING CORPORATION; ) <br> HEARD CONCRETE CONSTRUCTION ) <br> CORP.; THOMAS DAVIS; and ) <br> KEVIN HARRISON, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DR. ADEL ELMESSIRY and ) <br> WEBDBTECH, INC., ) <br> ) <br>     Defendants/Counter-plaintiff, ) <br> ) <br> v. ) <br> ) <br> LUMINOR CONSULTING CORP., ) <br> EMTECH, HEARD CONCRETE ) <br> CONSTRUCTION CORP., ANISH PABARI, ) <br> ROB ABENANTE, TOM DAVIS, and ) <br> JEFFREY HOU YIN HO, ) <br> ) <br>     Counter-defendants. ) | Civil Action No. **3:22-cv-00555** <br> Judge Eli J. Richardson <br> Magistrate Judge Frensley <br><br> **JURY DEMAND** |

## COUNTER-DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS III AND IV OF THE DEFENDANT WEBDBTECH, INC.'S COUNTERCLAIM

Counterclaim Defendants Luminor Consulting Corporation ("Luminor"), Thomas Davis ("Davis"), Anish Pabari, Jeff Hou Yin Ho, Heard Concrete Construction Corporation ("Heard"), and EMTech, by Davis and Heard (collectively, the "Counter-defendants"), by counsel, and for their Reply Brief in Support of Motion to Dismiss Counts III and IV of the Counterclaim filed by the Defendant and Counterclaim Plaintiff, WebDBTech, Inc. ("Counter-plaintiff") state as follows:

**Introduction**

WebDBTech, in a constrained effort to make an alleged failure to perform contractual obligations stretch into additional unjust enrichment and conversion claims against the Counter-defendants, ignores the failings of its own pleadings under well-established law. Unjust enrichment cannot lie where no benefit has been pled and there are alleged contracts that cover the at-issue conduct within their scope.[1] Similarly, conversion cannot lie where the property is intangible, WebDBTech has no ownership right to it, and the Counter-defendants never had possession. For these reasons, this Court should deny WebDBTech's Motion to Dismiss.

**Argument**

**A. WebDBTech's Counterclaim Fails to Plead that the NFTs Have Independent Value and that the Alleged "Benefit" to Counter-defendants is Outside the Scope of the Parties' Contract.**

WebDBTech, in its Response to Counter-defendant's Motion to Dismiss Counterclaim (the "Opposition"), argues that it conferred a benefit on the Counter-defendants when it sent NFTs to investors. But the Counterclaim does not allege that the NFTs had any value. In order for the NFTs to have value for investors, Dr. Adel had to deliver the corresponding ROBe2 Protocol in a functioning form. The Counterclaim does not allege Dr. Adel did so, nor does it plead how the NFTs had value to investors without delivery of the ROBe2 Protocol. Without the Protocol, the NFTs are merely lines of code representing assets that do not exist, and provision thereof cannot underlie a claim to unjust enrichment. Nevertheless, even if WebDBTech had so plead, the claim arises exclusively in contract and not unjust enrichment.

As WebDBTech noted, a "benefit" for the purpose of unjust enrichment is "any form of ***advantage*** that has a ***measurable value*** including the advantage of being saved from an expense or loss." *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005)

(emphasis added). WebDBTech has not plead any measurable value for the NFTs. Besides, per the pleadings, the investors made their investment in the ROBe2 Protocol, not in the NFTs themselves which are just "digital representations" of the underlying assets. Countercl. ¶ 23 (WebDBTech "timely delivered the Non-Fungible Tokens ('NFTs') to the investors **in the protocol"**)(emphasis added); see also *B.I.G. LLC v. Yes Snowboards*, 2022 U.S. Dist. LEXIS 99870, fn. 3 (C.D. Cal. 2022) (where the parties characterize the NFTs as "digital representations" of underly assets). WebDBTech does not plead that it provided the required underlying ROBe2 Protocol; resulting in an actual loss and expense to Counter-defendants.[2]

If WebDBTech has any right to relief, it lies in contract and not unjust enrichment. WebDBTech contends that the direct benefit it conferred was "delivering NFTs to investors who have paid Counterdefendants" and "but for WebDBTech's work, Counterdefendants would not have these investors." Opp'n, p. 4. However, WebDBTech did not plead that it "generated" these investors for the ROBe2 Protocol. Countercl. ¶39 ("Counterdefendants have obtained investors"). As pled, investors could have funded the creation of these NFTs rather than coming onboard as a result of their creation by WebDBTech. Regardless, the Agreements are what WebDBTech contends govern the performance of its work on the ROBe2 Protocol, including creating and deploying NFT Bounds for ROBe2. *See* ECF No. 25.1. Consequently, development of the NFTs would be covered by the Services in the alleged Agreements, and WebDBTech acknowledges that it was at least partially paid for the work it allegedly performed under the Agreements. As a result, the "benefit" to Counter-defendants is contractual. WebDBTech cannot support a claim for unjust enrichment pursuant to this alleged failure of a contractual performance.

---

[1] Notably, the Plaintiffs and Counter-defendants dispute the validity and enforceability of these contracts, but they are a part of WebDBTech's pleadings and, for purposes of a Motion to Dismiss, may be entitled to certain factual presumptions.
4892-7754-0415

Thus, WebDBTech has not pled the retention of a benefit, with measurable value, by the Counter-defendants, any resulting appreciation by the Counter-defendant from this alleged benefit other than contractual performance by WebDBTech of its Services, or circumstances that make Counter-defendants retention of its already existing investors with unusable NFTs unjust.

**B. WebDBTech's Opposition is Unpersuasive Because It Relies on Unsupported Legal Conclusions and Outright Disregards the Remaining Elements for Conversion.**

As an initial matter, WebDBTech's Opposition fixates on whether NFTs are tangible assets capable of conversion while completely disregarding other arguments set forth by Counter-defendants in support of dismissal. Namely, WebDBTech did not plead that the NFTs belong to WebDBTech or that they were under the control of Counter-defendants, essential elements for a conversion claim. Instead, WebDBTech reiterates that it "produc[ed] and deliver[ed] NFTS directly to investors of the Counterdefendants" and that "WebDBTech is excluded from ownership of the same NFTs." Opp'n, p. 4, 8. WebDBTech has not plead that it has a right to the NFTs. Per WebDBTech's pleading, the NFTs either belong to the Counter-defendants or the investors, but not WebDBTech. Its failure to address these required elements in its briefing further demonstrates the legal insufficiency of its allegations.

*First*, WebDBTech argues in its Opposition that the NFTs should be treated as tangible assets. Opp'n, p. 6-8. However, NFTs are created to "***transfer ownership*** of either physical things or digital media." *Hermes Int'l v. Rothschild*, 2022 WL 1564597, *2 (S.D.N.Y May 18, 2022) (emphasis added). This means that NFTs are merely a "digital representation" of another object, that may or may not be physical; it is unclear, then, what value they have outside of that underlying asset. *See id; see Yes Snowboards*, 2022 U.S. Dist. LEXIS 99870 at fn. 3 (C.D. Cal.

---

[2] WebDBTech also acknowledges it failed to provide other deliverables including "the software and keys to the protocol." Countercl. ¶23.
4892-7754-0415

2022). Here, the NFTs are functioning as intellectual property, and WebDBTech has not plead what value the NFTs carry outside of the non-functioning ROBe2 Protocol.

"Only well-pleaded facts are construed liberally in favor of the party opposing the motion to dismiss." *Weaver*, 763 F.Supp.2d at 937 (M.D. Tenn. 2010). The Court need not accept WebDBTech's legal conclusions and citations to non-binding tax code or draft IRS forms in determining whether an NFT is a tangible asset capable of conversion. While, there is not yet well developed case law developed on this issue[3], resort to judicial authority is not necessary in this case because the Agreements designate NFTs as Intellectual Property (defined term). *See* ¶¶ 6(b), 8; *see also Knox Trailers, Inc. v. Maples*, 581 F.Supp. 3d 1000, 1017 (E.D. Tenn. 2022)("Tennessee law does not recognize a cause of action for conversion of intellectual or intangible property"). Thus, in the absence of clear precedent, the Court need not defer to WebDBTech's self-serving legal conclusions and, instead, should treat the NFTs as intellectual property in accordance with the parties' own alleged Agreements.[4]

*Second*, WebDBTech admits that the NFTs are not the property of WebDBTech and, in fact, its Opposition states that it is "excluded from ownership of the same NFTs" and references "the investors who currently own and possess the NFTs created by WebDBTech." Opp'n., p. 7-8. WebDBTech's lack of ownership is further supported by the Agreements incorporated by reference into the counterclaim. Pursuant to these Agreements, all rights, title, and interest for any Intellectual Property were assigned from WebDBTech to the Counter-defendants. Countercl.

---

[3] In a California Central District Court case, for purposes of a Preliminary Injunction Motion, the court assumed that NFTs fell within the subject matter of the Copyright Act because the NFTs were a "digital representation" of the underlying assets at issue, i.e. photographs. *Yes Snowboards*, 2022 U.S. Dist. LEXIS 99870 at fn. 3 (C.D. Cal.2022).

[4] Additionally, to the extent WebDBTech seeks to treat the NFT similar to money based on its underlying asset, a renewable energy based cryptocurrency, WebDBTech has not specifically identified the NFTs it alleged were converted nor has it even specified the amount of NFTs allegedly converted. *See Knox Trailers, Inc. v. Maples*, 581 F.Supp. 3d 1000, 1017 (money that is "specific and capable of identification" or where there is a "determinative sum" can be deemed chattel for purposes of conversion.). *Compare Temurian v. Piccolo*, 2019 U.S. Dist. LEXIS 67469 (Fl. S. D. 2019) (where the Plaintiffs alleged that one of the Defendants removed 50 bitcoin and 100 ether from one of the Plaintiff's cryptocurrency wallets without authorization so the Defendant did not move to dismiss the conversion claim as to that cryptocurrency).

4892-7754-0415

¶¶ 15-16, 23; *see e.g.*, ECF No. 25.1 at ¶ 8. This assignment would necessarily include the NFTs and, thus, to the extent WebDBTech ever had any right or claim to the NFTs, according to its own pleading, those rights were transferred to the Counter-defendants. Counter-defendants cannot have, as a matter of law, converted their own property

*Finally*, WebDBTech has not shown how the Counter-defendants are appropriating the NFTs by "the intentional exercise of dominion over [them]." *Bluff City*, 387 S.W.3d at 553 (2012). WebDBTech pled that the NFTs were sent by it directly to the investors, of its own accord. Further, nothing has been pled to say that the Counter-defendants ever received the NFTs or have otherwise gained control or possession over these NFTs. WebDBTech has also never requested Counter-defendants return the NFTs to it, likely because it believes the "investors currently own and possess the NFTs." Opp'n. p. 8. Therefore, since the Counter-plaintiff has not pled any facts which support its claims for unjust enrichment or conversion, Counts III and IV, respectively, should be dismissed.

Respectfully submitted,

s/ *Charles H. Williamson*
Charles H. Williamson (TN BPR 018287)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: charley.williamson@wallerlaw.com

-And-

Of counsel:

Christopher D. Davis (VSB No. 74809)
(*Pro Hac Vice*)
Destinee B. Byers (VSB No. 94691)
(*Pro Hac Vice*)
DAVIS LAW, PLC
555 Belaire Ave., Ste. 340
Chesapeake, Virginia 23320
Telephone: (757) 410-2293
Facsimile: (757) 257-8614
Email: chris@davislawplc.com
destinee@davislawplc.com

*Attorneys for Luminor Consulting Corporation; DLC Elite Lending Corporation; Heard Concrete Construction Corp.; and Kevin Harrison*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of November 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas Anthony Swafford BPR #17578
Tara L. Swafford BPR #17577
Elizabeth G. Hart, BPR #30070
THE SWAFFORD LAW FIRM, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Tel:    (615) 599-8406
Fax:    (615) 807-2355
Email: tony@swaffordlawfirm.com
       tara@swaffordlawfirm.com
       betsy@swaffordlawfirm.com

*Counsel for Defendant and Counter-Plaintiff WebDBTech, Inc.*

                              */s/ Charles H. Williamson*
                              Charley H. Williamson