| | | |
|---|---|---|
| LUMINOR CONSULTING CORP.; | ) | |
| DLC ELITE LENDING CORPORATION; | ) | |
| HEARD CONCRETE CONSTRUCTION | ) | |
| CORP.; THOMAS DAVIS; | ) | |
| KEVIN HARRISON, | ) | Civil Action No. 3:22-CV-00555 |
| | ) | |
| Plaintiffs, | ) | Judges Richardson and Frensley |
| | ) | |
| v. | ) | Jury Demanded |
| | ) | |
| DR. ADEL ELMESSIRY and | ) | |
| WEBDBTECH, INC., | ) | |
| | ) | |
| Defendants/Counterplaintiffs/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUMINOR CONSULTING CORP.; | ) | |
| HEARD CONCRETE CONSTRUCTION | ) | |
| CORP., TOM DAVIS, and | ) | |
| JEFFREY HOU YIN HO, | ) | |
| | ) | |
| Counterdefendants, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| EMTECH, ROB ABENANTE, and | ) | |
| ANISH PABARI, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**ADEL ELMESSIRY'S ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Dr. Adel ELMessiry ("Dr. ELMessiry"), by and through counsel, submits this Answer, Counterclaim and Third-Party Complaint to Plaintiffs' First Amended Complaint:

1

## INTRODUCTION

Dr. Adel ELMessiry and the company he partially owns, WebDBTech, are the victims in this matter. Dr. ELMessiry was solicited by three individuals: Anish Pabari, Rob Abenante, and Tom Davis to enter into a partnership related to the creation of the ROBe2 Protocol. The partnership engaged WebDBTech for its expertise in software development and Blockchain technology and demanded a fast timeline to create the ROBe2 Protocol. WebDBTech fully performed and delivered its product in the form of Non-Fungible Tokens for investors. During this time, Pabari, Abenante, and Davis hatched a scheme to take WebDBTech public and use it to sell the ROBe2 Protocol. However, Dr. ELMessiry discovered that the true intentions of his partners were to use WebDBTech as the vehicle for a means to scam its investors. When Dr. ELMessiry refused to allow WebDBTech to be used in this manner, his partners turned on him and refused to pay the debt owed to WebDBTech for its services. In addition to not paying their debt, Pabari, Abenante and Davis have profited from investors in the ROBe2 Protocol but have neither given Dr. ELMessiry his share of the profits nor paid WebDBTech what is owed.

## ANSWER

1. Upon information and belief, Dr. ELMessiry admits the allegations in Paragraph 1.

2. Upon information and belief, Dr. ELMessiry admits the allegations in Paragraph 2.

3. Upon information and belief, Dr. ELMessiry admits the allegations in Paragraph 3.

4. Upon information and belief, Dr. ELMessiry admits the allegations in Paragraph 4.

5. Upon information and belief, Dr. ELMessiry admits the allegations in Paragraph 5.

6. Upon information and belief, Dr. ELMessiry admits the allegations in Paragraph 6.

7. Dr. ELMessiry admits the allegations contained in Paragraph 7.

8. Dr. ELMessiry admits the allegations contained in Paragraph 8.

9. Dr. ELMessiry admits the allegations contained in Paragraph 9.

10. Dr. ELMessiry admits the allegations contained in Paragraph 10.

11. Dr. ELMessiry admits the allegations contained in Paragraph 11.

12. Dr. ELMessiry denies the allegations contained in Paragraph 12.

13. Dr. ELMessiry denies the allegations contained in Paragraph 13.

14. Dr. ELMessiry admits that funds in the total amount of $698,647 were wired to WebDBTech at various times but denies the remaining allegations of Paragraph 14 and states that the chart in this Paragraph incorrectly names the wiring parties as well as the amounts wired.

15. Dr. ELMessiry denies the allegations contained in Paragraph 15.

16. Dr. ELMessiry denies the allegations contained in Paragraph 16.

17. Dr. ELMessiry states that WebDBTech was hired as an independent contractor by the partnership to provide various services in exchange for compensation but otherwise admits the remaining allegations of Paragraph 17.

18. Dr. ELMessiry denies the allegations contained in Paragraph 18.

19. Dr. ELMessiry admits that he invoiced the partners for payment to WebDBTech, pursuant to their contracts with WebDBTech, but denies the remaining allegations contained in Paragraph 19.

20. Dr. ELMessiry admits that he was aware a Memorandum of Understanding was signed but denies having knowledge regarding the contents of this Memorandum of Understanding. Dr. ELMessiry denies the remaining allegations in Paragraph 20.

21. Dr. ELMessiry is without sufficient information to admit or deny the allegations contained in Paragraph 21.

22. Dr. ElMessiry denies the allegations made in Paragraph 22.

23.     Dr. ELMessiry admits that there were hundreds of recorded Zoom partnership calls and that in each of the meetings a full demonstration of the ROBe2 Protocol was shown and that an accounting of the development expenses to date was shown to the partnership at each meeting for their approval. Furthermore, Dr. ELMessiry admits that WebDBTech deployed the NFTs and websites as required. Dr. ELMessiry denies any other allegations made in Paragraph 23.

24.     Dr. ELMessiry denies the allegations contained in Paragraph 24.

25.     Dr. ELMessiry denies the allegations contained in Paragraph 25.

26.     Dr. ELMessiry denies the allegations in Paragraph 26.

27.     Dr. ELMessiry admits that there was an endeavor, independent from the partnership but by the same partners, to make it a public company and that two accounting firms were allegedly brought in to prepare financial records. Dr. ELMessiry denies any other allegations in Paragraph 27.

28.     Dr. ELMessiry denies the allegations contained in Paragraph 28.

29.     Dr. ELMessiry denies the allegations contained in Paragraph 29.

30.     Dr. ELMessiry denies the allegations contained in Paragraph 30.

31.     Dr. ELMessiry denies the allegations contained in Paragraph 31.

32.     Dr. ELMessiry admits that he sent an outline of the future planned work for post January 16, 2022, which would be in addition to the work that has been delivered. Dr. ELMessiry denies all other allegations contained in Paragraph 32.

33.     Dr. ELMessiry denies the allegations contained in Paragraph 33.

34.     Dr. ELMessiry denies the allegations contained in Paragraph 34.

35.     Dr. ELMessiry is without sufficient information to admit or deny the allegations contained in Paragraph 35.

36. Dr. ELMessiry denies the allegations contained in Paragraph 36.

37. Dr. ELMessiry denies the allegations contained in Paragraph 37.

38. Dr. ELMessiry denies the allegations contained in Paragraph 38.

39. Dr. ELMessiry denies the allegations contained in Paragraph 39.

## COUNT I – BREACH OF ORAL CONTRACT

40. No response is required.

41. Dr. ELMessiry denies the allegations contained in Paragraph 41.

42. Dr. ELMessiry admits that the partnership Plaintiff's agreed to provide funding for the development of the ROBe2 Protocol as well as assist with various other tasks related to legal issues and company structure, financial development, engineering, and other administrative tasks. Dr. ELMessiry also admits that his contribution to the partnership was to be valued $600,000 but denies the other material allegations made in Paragraph 42.

43. Dr. ELMessiry denies the allegations contained in Paragraph 43.

44. Dr. ELMessiry denies the allegations contained in Paragraph 44.

45. Dr. ELMessiry denies the allegations contained in Paragraph 45.

46. Dr. ELMessiry denies the allegations contained in Paragraph 46 and demands strict proof thereof.

47. Dr. ELMessiry denies the allegations contained in Paragraph 47.

48. Dr. ELMessiry denies the allegations contained in Paragraph 48.

49. Dr. ELMessiry denies the allegations in Paragraph 49 and denies that Plaintiffs are entitled to the requests in their prayer for relief.

## COUNT II - CONVERSION

50. No response is required.

51. Dr. ELMessiry denies the allegations contained in Paragraph 51.

52. Dr. ELMessiry denies the allegations contained in Paragraph 52.

53. Dr. ELMessiry denies the allegations contained in Paragraph 53.

54. Dr. ELMessiry denies the allegations contained in Paragraph 54.

55. Dr. ELMessiry denies the allegations contained in Paragraph 55.

56. Dr. ELMessiry denies the allegations contained in Paragraph 56.

57. Dr. ELMessiry denies the allegations contained in Paragraph 57.

58. Dr. ELMessiry denies the allegations contained in Paragraph 58 and denies that Plaintiffs are entitled to the requests in their prayer for relief.

## COUNT III – FRAUD

59. No response is required.

60. Dr. ELMessiry denies the allegations contained in Paragraph 60.

61. Dr. ELMessiry denies the allegations contained in Paragraph 61.

62. Dr. ELMessiry denies the allegations contained in Paragraph 62.

63. Dr. ELMessiry denies the allegations contained in Paragraph 63.

64. Dr. ELMessiry denies the allegations contained in Paragraph 64.

65. Dr. ELMessiry denies the allegations contained in Paragraph 65 and denies that Plaintiffs are entitled to the requests in their prayer for relief.

## COUNT IV - BREACH OF FIDUCIARY DUTY

66. No response is required.

67. Dr. ELMessiry admits he owes fiduciary duties to the members of the partnership, but denies the remaining allegations contained in Paragraph 67.

68. Dr. ELMessiry denies the allegations contained in Paragraph 68.

69. Dr. ELMessiry denies the allegations contained in Paragraph 69.

70. Dr. ELMessiry denies the allegations contained in Paragraph 70.

71. Dr. ELMessiry denies the allegations contained in Paragraph 71 and denies that the Plaintiffs are entitled to the requests in their prayer for relief.

72. Dr. ELMessiry denies that the Plaintiffs are entitled to the requests in their prayer for relief.

## COUNT V – PROMISSORY ESTOPPEL

73. No response is required.

74. Dr. ELMessiry admits that he promised to work on the ROBe2 Protocol, and he did. The funds were used to pay WebDBTech for developing the protocol. Dr. ELMessiry is without sufficient information to admit or deny the remaining allegations in paragraph 74.

75. Dr. ELMessiry also admits that his contribution to the partnership was to be valued at $600,000 but denies the other material allegations made in Paragraph 75.

76. Dr. ELMessiry denies the allegations contained in Paragraph 76.

77. Dr. ELMessiry is without sufficient information to admit or deny the allegations contained in Paragraph 77.

78. Dr. ELMessiry is without sufficient information to admit or deny the allegations in paragraph 78.

79. Dr. ELMessiry denies the allegations in Paragraph 79. Furthermore, Dr. ELMessiry denies that the Plaintiffs are entitled to the requests in their prayer for relief.

## ADDITIONAL DENIALS AND RESERVATION OF RIGHTS

Dr. ELMessiry denies that Plaintiffs are entitled to the relief they seek in their demand for damages. Dr. ELMessiry also denies all allegations of fault as stated in Plaintiffs' First Amended Complaint. To the extent that an allegation has not been directly addressed, answered, or explained, that allegation is hereby denied. Dr. ELMessiry reserves the right to supplement his Answer and Affirmative Defenses to the Complaint as discovery proceeds in this litigation.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.
2. Any alleged damages were not proximately caused by Dr. ELMessiry.
3. Any alleged damages are speculative.
4. Plaintiffs have failed to mitigate their alleged damages.
5. Certain Plaintiffs have no standing to sue Dr. ELMessiry and are not the real party in interest.
6. Plaintiffs have failed to join necessary and/or indispensable parties.
7. Plaintiffs' claims may be barred or limited by the applicable statute of limitations and/or statute of repose.
8. Plaintiffs' claims may be barred or limited by the doctrines of waiver, release, laches, unclean hands, and/or estoppel.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Wherefore, Dr. Adel ELMessiry assumes the role of Counterplaintiff and Third-Party Plaintiff and brings the following Counterclaim and Third-Party Complaint in this matter against the Plaintiff/Counterdefendant and Third-Party Defendants identified below:

## PARTIES

1. Dr. ELMessiry is an individual located at 9370 Bournsmouth Ct., Brentwood, Tennessee 37027.

2. Tom Davis is a Plaintiff in this matter subject to this Counterclaim.

3. Anish Pabari is a partner in this matter and should be included as a Third-Party Defendant.

4. Rob Abenante is an individual located at 2615 Pioneer Way Port Coquitlam BC V3C 5Y6 Canada, Vancouver, B.C. Canada. Abenante is a partner in this matter and should be included as a Third-Party Defendant.

5. Davis is a Counterdefendant.

6. Collectively, Abenante and Pabari are the Third-Party Defendants.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy, excluding interest and costs, exceeds $75,000.

8. This Court has personal jurisdiction over the Counterdefendant and Third-Party Defendants because, among other reasons, they subjected themselves to the jurisdiction of this State by transacting business in Tennessee with Dr. ELMessiry.

9. Venue is proper in this Court because, among other reasons, this is a compulsory counterclaim and under 28 U.S.C § 1391, a substantial portion of the events giving rise to this claim occurred in this State, which is the residence of Dr. ELMessiry.

## FACTS

10. Dr. ELMessiry entered into an oral partnership with Counterdefendant Davis and Third-Party Defendants Pabari and Abenante to develop the software protocol necessary for the development of an innovative, renewable energy-based Blockchain protocol called Renewable Obligation Base Energy Economy (the "ROBe2 Protocol").

11. WebDBTech was hired to perform this work in an aggressive timeline, such that it had to primarily focus only on the ROBe2Protocol to the exclusion of other projects.

12. WebDBTech was engaged to do this by the partnership comprised of Dr. ELMessiry, Thomas Davis, Rob Abenante, and Anish Pabari.

13. WebDBTech also had four written contracts for the performance of portions of the ROBe2Protocol.

14. Those contracts were with 1.) EMTech (alter ego of Heard and Davis) for the sum of $400,000, attached hereto as Exhibit A; 2.) Anish Pabari for the sum of $200,000, attached hereto as Exhibit B; 3.) Jeffrey Hou Yin Ho (acting on behalf of Pabari) for the sum of $200,000, attached hereto as Exhibit C; and 4.) Luminor Consulting Corp. (Abenante's company) for the sum of $280,000, attached hereto as Exhibit D.

15. The Luminor and EMTech contracts with WebDBTech were unsigned. Both the Luminor and EMTech contracts were assented to by the parties to be charged.

16. None of the contracting parties in Exhibits A – D have fully paid their contracted amount.

17. WebDBTech was paid a total of $698,647 for a portion of this work. That payment was made as follows: $266,000 from EMTech via Heard for the benefit of Tom Davis; $265,980 paid by various individuals for the benefit from Anish Pabari; and $166,667 paid by Luminor Consulting for the benefit of Rob Abenante.

18. WebDBTech, is still owed $1,600,753 for the work it did for the ROBe2 Protocol. Of that amount, Counterdefendant Davis and Third-Party Defendants Pabari and Abenante owe $1,000,753.

19. WebDBTech continues to incur expenses for the maintenance of the ROBe2Protocol for which it is not being compensated. Currently, the maintenance for the software is $50,000 per month, but that amount will increase in January of 2023.

20. In addition, Dr. ELMessiry and WebDBTech incurred several thousand dollars of needless accounting bills required by the partnership for its plan to turn WebDBTech into a public company.

21. Dr. ELMessiry and WebDBTech have fully performed their work on the ROBe2 Protocol and have timely delivered the Non-Fungible Tokens ("NFTs) to the investors in the protocol and the partners. The only remaining deliverables are to turn over the software and the keys to the protocol. WebDBTech has offered to do this many times upon resolution of the outstanding debt, but Pabari, Abenante and Davis have refused its offers.

22. Dr. ELMessiry and WebDBTech continue to suffer financially as a result of the acts committed by Counterdefendant and Third-Party Defendants due to its ongoing costs for the ROBe2 Protocol and the services which have not been paid related to the ROBe2 Protocol, plus its lost opportunity costs for the work it performed in a compressed timeline.

23. Furthermore, Counterdefendant and Third-Party Defendants are believed to have received investments related to the ROBe2 Protocol that have not been shared with the entire partnership. An article indicating this investment has been attached as Exhibit E.

## CAUSES OF ACTION
## COUNT I – BREACH OF FIDUCIARY DUTY
**(Against Pabari, Davis and Abenante)**

24. Dr. ELMessiry realleges and incorporates by reference the allegations above.

25. Pabari, Davis and Abenante induced Dr. ELMessiry into a partnership to develop the ROBe2 Protocol.

26. As members of the partnership, Pabari, Davis and Abenante owed fiduciary duties to Dr. ELMessiry in all matters pertaining to the Partnership. Pabari, Davis, and Abenante promised to provide funding for the creation of the ROBe2 Protocol.

27. Dr. ELMessiry relied upon the promise by Pabari, Davis and Abenante to provide funding to WebDBTech for the creation of the ROBe2 Protocol by setting aside all other projects and dedicating the full amount of his time towards the development and creation of the ROBe2 Protocol.

28. Dr. ELMessiry's time and dedication caused him to expend capital and to forego other business opportunities to his detriment.

29. Dr. ELMessiry has performed the services agreed upon by the partnership.

30. Pabari, Davis, and Abenante have failed to live up to their obligations to the partnership. Pabari, Davis and Abenante have breached their fiduciary duties owed to Dr. ELMessiry, as a partner, by preventing the ROBe2 Protocol from being fully delivered to the partnership, causing financial injury to Dr. ELMessiry and the partnership.

31. Furthermore, as a result of these breaches of fiduciary duties, Dr. ELMessiry has expended time and capital developing the ROBe2 Protocol and been injured by being denied any profits from the delivery of the ROBe2 Protocol, plus interest.

**COUNT II – BREACH OF FIDUCIARY DUTY**
**(Against Pabari, Davis and Abenante)**

32. Dr. ELMessiry realleges and incorporates by reference the allegations above.

33. Pabari, Davis and Abenante induced Dr. ELMessiry into a partnership to develop the ROBe2 Protocol.

34. As members of the partnership, Pabari, Davis, and Abenante owed fiduciary duties to Dr. ELMessiry in all matters pertaining to the Partnership.

35. Pabari, Davis and Abenante used the ROBe2 Protocol to solicit outside investment to the partnership.

36. Exhibit E shows that they were successful in receiving outside investment into the partnership.

37. Dr. ELMessiry, as a partner with Pabari, Davis and Abenante, was entitled to his portion of the investment.

38. Unfortunately, his partners did not share these investments with Dr. ELMessiry.

39. These actions benefited Pabari, Davis and Abenante and are a breach of their fiduciary duties to Dr. ELMessiry.

40. The failure to share investment proceeds with Dr. ELMessiry caused injury to Dr. ELMessiry and the partnership.

## COUNT III - UNJUST ENRICHMENT
### (Against Pabari, Davis, and Abenante)

41. Dr. ELMessiry realleges and incorporates by reference the allegations above.

42. Based on Exhibit E and other publicized media articles and signed investor acknowledgements, Pabari, Davis and Abenante have obtained investors for the ROBe2 protocol.

43. Other investors and Pabari and Davis have been given NFTs for the ROBe2 protocol.

44. A wallet was created by WebDBTech for Abenante to receive his NFTs.

45. Pabari, Davis and Abenante have not shared any of the proceeds from investors with Dr. ELMessiry.

46. By failing to pay what is owed to the partnership, Pabari, Davis and Abenante have been unjustly enriched by the funds received from these investors and the NFTs provided to Pabari, Davis, and Abenante and the investors.

47. It is unjust for Pabari, Davis and Abenante to receive these proceeds and NFTs without giving Dr. ELMessiry his share of the funds.

## PRAYER FOR RELIEF

WHEREFORE, Dr. ELMessiry prays for the following relief:

A. Judgment in favor of Dr. ELMessiry and against Counterdefendant and Third-Party Defendants on all the causes of action alleged above;

B. All monetary damages in an amount to be determined at trial for which it is entitled under the causes of action alleged above;

C. Compensatory damages in an amount to be determined by the trier of fact to be fair and reasonable;

D. Prejudgment and post-judgment interest;

E. Reasonable attorney fees, expenses and costs; and

F. Such other, further and general relief as this Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Dr. ELMessiry hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Tara L. Swafford
THE SWAFFORD LAW FIRM, PLLC

Thomas Anthony Swafford BPR #17578
Tara L. Swafford BPR #17577
Elizabeth G. Hart, BPR #30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tony@swaffordlawfirm.com
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been served via email, U.S. Mail, or the Court's Electronic Filing System on:

Charles H. Williamson
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
charley.williamson@wallerlaw.com

Christopher D. Davis
Destinee B. Byers
DAVIS LAW, PLC
555 Bellaire Ave., Ste. 340
Chesapeake, Virginia 23320
chris@davislawplc.com
destinee@davislawplc.com

this 30th day of November, 2022.

/s/ Tara L. Swafford
Tara L. Swafford