# EXHIBIT A
# TO MOTION TO AMEND

| | |
|---|---|
| LUMINOR CONSULTING CORP.; ) <br> DLC ELITE LENDING CORPORATION; ) <br> HEARD CONCRETE CONSTRUCTION ) <br> CORP.; THOMAS DAVIS; ) <br> KEVIN HARRISON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DR. ADEL ELMESSIRY and ) <br> WEBDBTECH, INC., ) <br> ) <br> Defendants/Counterplaintiffs/ ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LUMINOR CONSULTING CORP.; ) <br> HEARD CONCRETE CONSTRUCTION ) <br> CORP., TOM DAVIS, and ) <br> JEFFREY HOU YIN HO, ) <br> ) <br> Counterdefendants, ) <br> ) <br> And ) <br> ) <br> EMTECH, ROB ABENANTE, and ) <br> ANISH PABARI, ) <br> ) <br> Third-Party Defendants. ) | Civil Action No. 3:22-CV-00555 <br><br> Judges Richardson and Frensley <br><br> Jury Demanded |

**WEBDBTECH'S AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

Wherefore, WebDBTech assumes the role of Counterplaintiff and brings the following Amended Counterclaim and Third-Party Complaint in this matter against the Plaintiffs/Counterdefendants and Third-Party Defendants identified below:

## PARTIES

1. WebDBTech is a Delaware corporation with its principal place of business located at 9370 Bournsmouth Ct., Brentwood, Tennessee 37027.

2. Luminor Consulting Corp. ("Luminor") is Plaintiff in this matter subject to this Counterclaim.

3. Tom Davis is a Plaintiff in this matter subject to this Counterclaim.

4. Heard Concrete Construction Corp. ("Heard") is a Plaintiff in this matter and subject to this Counterclaim.

5. Anish Pabari is partner in this matter and should be included in this case as a Third-Party Defendant.

6. Jeff Hou Yin Ho a Plaintiff in this matter and subject to this Counterclaim.

7. Rob Abenante is an individual located at 2615 Pioneer Way Port Coquitlam BC V3C 5Y6 Canada, Vancouver, B.C. Canada.

8. EMTech is a business allegedly located at 201A Dexter St. West Chesapeake, VA 23324. Upon information and belief, it is not a lawfully formed or registered company and is the alter ego of Tom Davis and Heard Concrete Construction Corp. ("Heard"), both Plaintiffs in this matter.

9. Collectively, Luminor, Davis, Hou Yin Ho, and Heard are the Counterdefendants.

10. Collectively, EMTech, Pabari and Abenante are the Third-Party Defendants.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy, excluding interest and costs, exceeds $75,000.

12. This Court has personal jurisdiction over the Counterdefendants and Third-Party Defendants because, among other reasons, they subjected themselves to the jurisdiction of this State by transacting business in Tennessee with WebDBTech.

13. Venue is proper in this Court because, among other reasons, this is a compulsory counterclaim and under 28 U.S.C § 1391, a substantial portion of the events giving rise to this claim occurred in this State, which is the principal place of business for WebDBTech.

## FACTS

14. WebDBTech was engaged to develop the software protocol necessary for the development of an innovative, renewable energy-based Blockchain protocol called Renewable Obligation Base Energy Economy (the "ROBe2 Protocol").

15. WebDBTech was hired to perform this work in an aggressive timeline, such that it had to primarily focus only on the ROBe2Protocol to the exclusion of other projects.

16. WebDBTech was engaged to do this by the partnership comprised of Adel ELMessiry, Thomas Davis, Rob Abenante, and Anish Pabari.

17. WebDBTech also had four written contracts for the performance of portions of the ROBe2Protocol.

18. Those contracts were with 1.) EMTech (alter ego of Davis and Heard) for the sum of $400,000, attached hereto as Exhibit A; 2.) Anish Pabari for the sum of $200,000, attached hereto as Exhibit B; 3.) Jeffrey Hou Yin Ho for the sum of $200,000, attached hereto as Exhibit C; and 4.) Luminor Consulting Corp. for the sum of $280,000, attached hereto as Exhibit D.

19. The Luminor and EMTech contracts with WebDBTech were unsigned. Both the Luminor and EMTech contracts were assented to by the parties to be charged.

20. None of the contracting parties in Exhibits A – D have fully paid their contracted amount.

21. WebDBTech was paid a total of $698,647 for a portion of this work. That payment was made as follows: $266,000 from EMTech via Heard for the benefit of Tom Davis; $265,980 paid by various individuals for the benefit from Anish Pabari; and $166,667 paid by Luminor Consulting for the benefit of Rob Abenante.

22. WebDBTech, is still owed $1,600,753 for the work it did for the ROBe2 Protocol. Of that amount, Counterdefendant Davis, and Third-Party Defendants Pabari and Abenante owe $1,000,753.

23. WebDBTech continues to incur expenses for the maintenance of the ROBe2Protocol for which it is not being compensated. Currently, the maintenance for the software is $50,000 per month, but that amount will increase in January of 2023.

24. In addition, WebDBTech incurred several thousand dollars of needless accounting bills required by the partnership for its plan to turn WebDBTech into a public company.

25. WebDBTech has fully performed its work on the ROBe2 protocol and has timely delivered the Non-Fungible Tokens ("NFTs) to the investors in the protocol. The only remaining deliverables are to turn over the software and the keys to the protocol. WebDBTech has offered to do this many times upon resolution of the outstanding debt, but Counterdefendants and Third-Party Defendants have refused its offers.

26. WebDBTech continues to suffer financially as a result of the acts committed by Counterdefendants and Third-Party Defendants due to its ongoing costs for the ROBe2 protocol and the services which have not been paid related to the ROBe2 protocol, plus its lost opportunity costs for the work it performed in a compressed timeline.

CAUSES OF ACTION
COUNT I – BREACH OF CONTRACTS
(Against EMTech/Heard/Davis, Pabari, Hou Tin Ho and Luminor)

27. WebDBTech realleges and incorporates by reference the allegations above.

28. WebDBTech had a separate Software Development Services Agreements with EMTech/Heard/Davis, Pabari, Hou Yin Ho, and Luminor.

29. WebDBTech has performed the services required in each of these contracts, attached hereto as Exhibits A, B, C, and D.

30. EMTech/Heard/Davis has breached its contract as it continues to owe an outstanding balance of $134,000.

31. Pabari has breached his contract as he continues to owe an outstanding balance of $67,010.

32. Hou Yin Ho has breached his contract as he continues to owe an outstanding balance of $67,010.

33. Luminor has breached its contract as it continues to owe an outstanding balance of $113,333.

34. As a result of these breaches, WebDBTech has suffered injuries the amount of $381,353, plus interest.

## COUNT II – BREACH OF ORAL CONTRACT
### (Against Davis, Abenante, and Pabari)

35. WebDBTech realleges and incorporates by reference the allegations above.

36. The partnership of ELMessiry, Davis, Abenante and Pabari hired WebDBTech to develop the ROBe2 Protocol, and the parties had an oral contract for this development work in addition to the contracted amounts discussed above.

37. WebDBTech has performed the services for which it was hired and is owed an additional $1,000,753 for software protocol and maintenance from Davis, Abenante and Pabari.

38.  Davis, Abenante and Pabari have breached this oral agreement by failing to remit full payment to WebDBTech. In addition to the $1,000,753 owed, the partnership is responsible for ongoing fees of $50,000 per month for maintenance of the software by WebDBTech.

39.  As a result of these breaches, WebDBTech has suffered injuries the amount of $1,000,753, plus interest and ongoing maintenance fees.

## COUNT III – UNJUST ENRICHMENT
### (Against all Counterdefendants and Third-Party Defendants)

40.  WebDBTech realleges and incorporates by reference the allegations above.

41.  Based on publicized media articles and signed investor acknowledgments, Counterdefendants and Third-Party Defendants have obtained investors for the ROBe2 protocol.

42.  WebDBTech, in good faith, delivered NFTs to Counterdefendants and Third-Party Defendants with the expectation that the Counterdefendants and Third-Party Defendants would compensate WebDBTech for its work, as agreed, in creating the NFTs.

43.  To date WebDBTech has not been fully compensated by Counterdefendants and Third-Party Defendants for the work to create the NFTs.

44.  Counterdefendants and Third-Party Defendants marketed and sold these NFTs to the public to obtain investors for the ROBe2 protocol.

45.  All sold NFTs were delivered.

46.  Counterdefendants and Third-Party Defendants have been unjustly enriched by not only the funds received from these investors but also by the NFTs provided by WebDBTech to the investors.

47.  It would be unjust for Counterdefendants and Third-Party Defendants to retain these benefits without payment to WebDBTech for its services.

48. WebDBTech has been harmed by Counterdefendants' and Third-Party Defendant's actions, and Counterdefendants and Third-Party Defendant's should be ordered to disgorge its profits.

## COUNT IV – CONVERSION

### (Against all Counterdefendants and Third-Party Defendants)

49. WebDBTech realleges and incorporates by reference the allegations above.

50. Counterdefendants and Third-Party Defendants have improperly converted the NFTs provided to them by WebDBTech.

51. WebDBTech, in good faith, delivered NFTs to Counterdefendants and Third-Party Defendants with the expectation that the Counterdefendants and Third-Party Defendants would compensate WebDBTech for its work, as agreed, in creating the NFTs.

52. To date WebDBTech has not been fully compensated by Counterdefendants and Third-Party Defendants for the work to create the NFTs.

53. The NFTs were provided to the Counterdefendants and Third-Party Defendants and subsequently sold to investors in exchange for capital.

54. Counterdefendants' and Third-Party Defendant's wrongful actions have unlawfully benefited their business and caused damage to WebDBTech.

55. Counterdefendants' and Third-Party Defendant's retention and/or use of these NFTs is wrongful, unjust, and against the rights of WebDBTech.

## PRAYER FOR RELIEF

WHEREFORE, WebDBTech prays for the following relief:

A. Judgment in favor of WebDBTech and against Counterdefendants and Third-Party Defendants on all the causes of action alleged above;

B. All monetary damages in an amount to be determined at trial for which it is entitled under the causes of action alleged above;

C. Compensatory damages in an amount to be determined by the trier of fact to be fair and reasonable;

D. Prejudgment and post-judgment interest;

E. Reasonable attorney fees, expenses and costs; and

F. Such other, further and general relief as this Court deems just and equitable.

## REQUEST FOR JURY TRIAL

WebDBTech hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted

/s/ Tara L. Swafford
THE SWAFFORD LAW FIRM, PLLC
Thomas Anthony Swafford BPR #17578
Tara L. Swafford BPR #17577
Elizabeth G. Hart, BPR #30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tony@swaffordlawfirm.com
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the foregoing document has been served via email, U.S. Mail, or the Court's Electronic Filing System on:

Charles H. Williamson
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
charley.williamson@wallerlaw.com

Christopher D. Davis
Destinee B. Byers
DAVIS LAW, PLC
555 Bellaire Ave., Ste. 340
Chesapeake, Virginia 23320
chris@davislawplc.com
destinee@davislawplc.com

This 30th day of November, 2022.

                                        /s/     Tara L. Swafford
                                                  Tara L. Swafford