UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUMINOR CONSULTING CORP.; ) <br> DLC ELITE LENDING CORPORATION; ) <br> HEARD CONCRETE CONSTRUCTION ) <br> CORP.; THOMAS DAVIS; and ) <br> KEVIN HARRISON, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> DR. ADEL ELMESSIRY and ) <br> WEBDBTECH, INC., ) <br>   ) <br> Defendants/Counter-plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> LUMINOR CONSULTING CORP., ) <br> EMTECH, HEARD CONCRETE ) <br> CONSTRUCTION CORP., ANISH PABARI, ) <br> ROB ABENANTE, TOM DAVIS, and ) <br> JEFFREY HOU YIN HO, ) <br>   ) <br> Counter-defendants. ) | Civil Action No. **3:22-cv-00555** <br> Judge Eli J. Richardson <br> Magistrate Judge Frensley <br><br> **JURY DEMAND** |

## ANSWER TO WEBDBTECH'S AMENDED COUNTERCLAIM

NOW COMES the Counterclaim Defendants Luminor Consulting Corporation ("Luminor"), Thomas Davis ("Davis"), Anish Pabari ("Pabari")[1], Jeff Hou Yin Ho ("Ho"), Heard Concrete Construction Corporation ("Heard"), and the Third-Party Defendant, alleged entity EMTech, by Davis and Heard (collectively, the "Counter-defendants") by counsel, and for their Answer to the Amended Counterclaim (the "Counterclaim") (Docket Entry ("D.E.") 57), filed by the Defendant and Counter-Plaintiff, WebDBTech, Inc. (the "WebDBTech"), and state as follows:

---

[1] WebDBTech incorrectly refers to Pabari as a Third-Party Defendant; however, because Pabari is a Plaintiff in the First Amended Complaint, he is a Counter-defendant.

4870-1161-2484

1

## ANSWER

1. Admitted.

2. Admitted that Luminor is a Plaintiff in this lawsuit. Any other allegations or implications are denied.

3. Admitted that Davis is a Plaintiff in this lawsuit. Any other allegations or implications are denied.

4. Admitted that Heard is a Plaintiff in this lawsuit. Any other allegations or implications are denied.

5. Admitted that Pabari is a Plaintiff in this lawsuit. Any other allegations or implications are denied. It is expressly denied that Pabari is a Third-Party Defendant.

6. Admitted that Ho is a Plaintiff in this lawsuit. Any other allegations or implications are denied.

7. This allegation is not directed to the Counter-defendants and therefore no response is required.

8. Admitted that EMTech is not a registered company. Otherwise, denied. Upon information and belief, EMTech does not exist and, thus, does not have a location or address. Upon information and belief, EMTech is also not a proper party to this lawsuit because it was never formed and was never a party to the partnership. It is further expressly denied that EMTech is an alter ego for Davis and/or Heard, and Counter-defendants demand strict proof thereof.

9. The allegations and parties included in the Amended Counterclaim speak for themselves and, therefore, no response is required.

10. It is denied that Pabari is a Third-Party Defendant. It is also expressly denied that EMTech is a proper party or that Heard and/or Davis are alter egos of EMTech. The remainder of this allegation is not directed to Counter-defendants and, therefore, no response is required.

## Jurisdiction and Venue

11. Counter-defendants do not dispute subject matter jurisdiction.

12. Counter-defendants do not dispute personal jurisdiction.

13. Counter-defendants do not dispute venue.

## Facts

14. Denied. Dr. Elmessiry, not WebDbTech, was engaged to develop the ROBe2 Protocol.

15. Denied that WebDBTech was hired to work on this project or that the timeline was "aggressive." Counter-defendants are without sufficient information to admit or deny the remaining allegations and, thereby, deny the same.

16. Denied.

17. Admitted that four written documents exist related to WebDBTech. Otherwise, denied. It is expressly denied that these were binding contracts or were the operative agreements between the parties related to the ROBe2 Protocol.

18. Admitted that four written documents exist related to WebDBTech and those documents speak for themselves. Admitted that the attached alleged contracts between Luminor and EMTech with WebDBTech were unsigned. Otherwise, denied. It is expressly denied that these documents are binding or were the operative agreements between the parties.

19. Admitted that the alleged contracts between Luminor and EMTech with WebDBTech were unsigned. Otherwise denied. It is expressly denied that the Counter-defendants had an obligation to pay pursuant to these alleged contracts.

20. Denied. It is expressly denied that the Counter-defendants had an obligation to pay or "fully pay" pursuant to these alleged contracts.

21. Denied. WebDBTech's bank account received funds from various members of the partnership to be used by Adel Elmessiry ("Dr. Elmessiry") toward the development of the ROBe2 Protocol. These were not compensation payments.

22. Denied that Counter-defendants Davis or Pabari owe any amounts to WebDBTech. WebDBTech's bank account received funds from various members of the partnership to be used by Dr. Elmessiry toward the development of the ROBe2 Protocol. These were not compensation payments. Regardless, the alleged contracts were not the binding or operative agreements between the parties, and, even if they were, WebDBTech did not fully perform the services listed on the alleged contracts.

23. The Counter-defendants are without sufficient knowledge or information to admit or deny the allegation in paragraph 23 and, for that reason, deny it. Counter-defendants further deny that any failure to mitigate WebDBTech's alleged damages is a proper basis to allege damages against the Counter-defendants.

24. The Counter-defendants are without sufficient knowledge or information to admit or deny the allegation in paragraph 24 and, for that reason, deny it. The Counter-defendants further deny that any alleged damages related to turning WebDBTech "into a public company" are proper under the claims stated in this lawsuit.

25. Admitted that WebDBTech has not turned over any software or keys for the ROBe2 Protocol. Otherwise, denied. Counter-defendants further deny that there is any "outstanding debt" or that there is any proper basis for WebDBTech to withhold the software or keys for the ROBe2 Protocol.

26. Denied.

## Count I
## Breach of Contracts
## (Against EMTech/Heard/Davis, Pabari, Hou Yin Ho and Luminor)

27. Counter-defendants hereby incorporate and reallege their responses to the paragraphs above.

28. Admitted that four written documents exist related to WebDBTech but denied that these documents are binding contracts or were the operative agreements between the parties.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## Count II
## Breach of Oral Contract
## (Against Davis, Abenante, and Pabari)

35. Counter-defendants hereby incorporate and reallege their responses to the paragraphs above.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**Count III
Unjust Enrichment
(Against all Counter-defendants and Third-Party Defendants)**

40. Counter-defendants hereby incorporate and reallege their responses to the paragraphs above.

41. Admitted that the ROBe2 protocol had two potential investors. Otherwise, denied.

42. Denied.

43. Denied.

44. Denied.

45. Admitted that NFTs were deployed to certain parties, including Dr. Elmessiry. All remaining allegations and implications are denied. It is expressly denied that NFTs were "sold."

46. Denied.

47. Denied.

48. Denied.

**Count IV
Conversion
(Against all Counter-defendants and Third-Party Defendants)**

49. Counter-defendants hereby incorporate and reallege their responses to the paragraphs above

50. Denied.

51. Denied.

52. Denied.

53. Denied.

4870-1161-2484

6

Case 3:22-cv-00555   Document 60   Filed 12/15/22   Page 6 of 9 PageID #: 366

54. Denied.

55. Denied.

The Counter-defendants further deny that WebDBTech is entitled to the relief it seeks in its Prayer for Relief. To the extent that any allegation has not been directly addressed, answered, or explained, that allegation is hereby denied. Counter-defendants reserve the right to supplement their Answer and Affirmative Defenses to the Amended Counterclaim as discovery proceeds in this litigation.

## **AFFIRMATIVE DEFENSES**

56. WebDBTech has failed to state a cause of action for which relief can be granted.

57. WebDBTech is barred from relief by the doctrine of first breach.

58. WebDBTech is barred by the statute of frauds.

59. WebDBTech has failed to state a valid claim for attorney's fees.

60. WebDBTech's claims are barred because it failed to mitigate its damages, if any.

61. To the extent that any Counter-defendant had an obligation to WebDBTech, such obligations have been performed fully, completely, and properly in all respects.

62. WebDBTech is not the real party in interest as it relates to the partnership and, thus, has no standing to sue.

63. WebDBTech's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or acquiescence.

64. The Plaintiff reserves the right to add any and all further affirmative defenses as may be determined through the course of discovery.

WHEREFORE the Plaintiff respectfully moves the Court to dismiss the Counterclaim, with prejudice, and grant any other relief that the Court deems just and proper.

Respectfully submitted,

/s/ Charles H. Williamson
Charles H. Williamson (TN BPR 018287)

WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: charley.williamson@wallerlaw.com

Of counsel:

Christopher D. Davis (VSB No. 74809)
(Admitted *Pro Hac Vice*)
Destinee B. Byers (VSB No. 94691)
(Admitted *Pro Hac Vice*)
DAVIS LAW, PLC
555 Belaire Ave., Ste. 340
Chesapeake, Virginia 23320
Telephone: (757) 410-2293
Facsimile: (757) 257-8614
Email: chris@davislawplc.com
destinee@davislawplc.com

*Attorneys for Luminor Consulting Corporation; DLC Elite Lending Corporation; Heard Concrete Construction Corp.; Thomas Davis; Kevin Harrison; Anish Pabari; and, Jeff Hou Yin Ho*

# CERTIFICATE OF SERVICE

       I hereby certify that on December 15, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

```
Thomas Anthony Swafford BPR #17578
Tara L. Swafford BPR #17577
Elizabeth G. Hart, BPR #30070
THE SWAFFORD LAW FIRM, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Tel:    (615) 599-8406
Fax:    (615) 807-2355
Email:  tony@swaffordlawfirm.com
        tara@swaffordlawfirm.com
        betsy@swaffordlawfirm.com
```

*Counsel for Defendants and Counter-Plaintiffs*

                                                              s/ *Charles H. Williamson*
                                                              Charles H. Williamson