UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUMINOR CONSULTING CORP.; DLC ELITE LENDING CORPORATION; HEARD CONCRETE CONSTRUCTION CORP.; THOMAS DAVIS; and KEVIN HARRISON, <br><br> Plaintiffs, <br><br> v. <br><br> DR. ADEL ELMESSIRY and WEBDBTECH, INC., <br><br> Defendants/Counter-plaintiff, <br><br> v. <br><br> LUMINOR CONSULTING CORP., EMTECH, HEARD CONCRETE CONSTRUCTION CORP., ANISH PABARI, ROB ABENANTE, TOM DAVIS, and JEFFREY HOU YIN HO, <br><br> Counter-defendants. | Civil Action No. **3:22-cv-00555** <br> Judge Eli Richardson <br> Magistrate Judge Frensley <br><br> JURY DEMAND |

## MEMORANDUM IN SUPPORT OF THOMAS DAVIS'S AND ANISH PABARI'S MOTION TO DISMISS ADEL ELMESSIRY'S COUNTERCLAIM

Counterclaim Defendants Thomas Davis ("Davis") and Anish Pabari ("Pabari")[1] (together, the "Counter-defendants"), by counsel, and for their Memorandum in Support of the Motion to Dismiss the Counterclaim, (Docket Entry ("D.E.") 54), filed by the Defendant/Counterclaim Plaintiff, Dr. Adel Elmessiry ("Dr. Elmessiry"), state as follows:

## Introduction

Dr. Elmessiry and his company, WebDBTech, Inc. ("WebDBTech") appear to have taken a "divide and conquer" approach to this lawsuit. Dr. Elmessiry and WebDBTech have set forth separate Counterclaims, each alleging competing claims to the same investor funds, which are purportedly the subject of contracts between WebDBTech and certain Counter-defendants.

Here, Dr. Elmessiry claims that he was entitled to receive a portion of certain investor funds and NFTs that were provided as a "benefit" to the partnership. Through sweeping claims that completely overstate the fiduciary duties owed to a partnership under Tennessee law, Dr. Elmessiry claims that the Counter-defendants owed him fiduciary duties "in all matters pertaining to the Partnership," including providing funding for the creation of the ROBe2 Protocol and sharing "investment proceeds" allegedly received by the partnership for the ROBe2 Protocol. These claims are nonsensical.

Contrary to Dr. Elmessiry's assertions, Tennessee law does not impose a fiduciary duty on partners to provide funds to a partnership. Nor do the duties require the distribution of investments in the partnership to its partners. Yet, these are the purported duties underlying Dr. Elmessiry's claims. These pleadings are wholly insufficient and should be dismissed. Moreover, even if Dr. Elmessiry had stated a cognizable claim, it belongs to WebDBTech. The Counterclaim alleges that WebDBTech, not Dr. Elmessiry, was "promised" funds for the development of the ROBe2 Protocol through four allegedly binding contracts. Accordingly, any cause of action arising from the failure to deliver the promised funds would lie with WebDBTech alone.

---

[1] WebDBTech incorrectly refers to Pabari as a Third-Party Defendant; however, because Pabari is a Plaintiff in the First Amended Complaint, he is a Counter-defendant in this matter.
4872-7369-5045

Similarly, Dr. Elmessiry's claims for unjust enrichment fail to take into account the four allegedly binding contracts that he states *his company*, WebDBTech, entered into with Pabari and three other parties, none of which are Davis or the partnership, for the creation and deployment of the NFTs. The claims must fail because they fall within the subject matter of contracts to which Dr. Elmessiry was not a party. Dr. Elmessiry is trying to double-dip in the allegedly promised payments under the contract. He is simultaneously asserting breach of contract claims through WebDBTech's pending counterclaim (as WebDBTech is an entity entirely under his control), as the party in privity, while also seeking the same compensation for the same work as an individual through the instant counterclaim, despite being a non-party to the contracts.

Under the contracts at issue, WebDBTech created the NFTs and any corresponding work related to the ROBe2 Protocol as "work for hire" and assigned all ownership rights to Pabari and the three other parties. Additionally, Dr. Elmessiry's pleadings allege that WebDBTech was at least partially paid for these contractual services. The competing claims beg the question: is Dr. Elmessiry, as a partner, the party entitled to the "benefit" of certain investor funds? Or is WebDBTech entitled to its alleged contractual compensation? There cannot simultaneously be a contractual obligation between certain individuals/entities and WebDBTech for the creation of the ROBe2 Protocol and NFTs and also a partnership obligation for Davis and Pabari to pay to fund the ROBe2 development and share related proceeds with the partnership and, thereby, Dr. Elmessiry. While contradictory allegations may generally survive dismissal, they cannot where an unjust enrichment claim seeks payment for services that are the subject of a purportedly valid contract.

Even if the claims were not preempted by the contracts, the allegations still fail to plausibly allege an unjust enrichment claim as a matter of law. The allegations do not support that a.) Dr. Elmessiry personally provided any tangible benefit to the partnership, given WebDBTech allegedly performed the work to create and deploy the NFTs; or that b.) the NFTs had any value or benefit given the underlying assets, the ROBe2 Protocol and its affiliated tokens, never came into existence. But even if there was any "benefit" to be had, the Counter-defendants' retention of such benefit would not be unjust when Dr. Elmessiry's allegations support that the NFTs were the Counter-defendants' intellectual property, as Tennessee law does not recognize unjust enrichment claims concerning intangible property.

For the reasons discussed below, Dr. Elmessiry's attempts to piecemeal claims against an isolated grouping of the Counter-defendants are insufficient as a matter of law and should be dismissed with prejudice.

## **Legal Standard**

A motion to dismiss challenges the legal sufficiency of a complaint or, in this case, a counterclaim. *See Weaver v. Prudential Ins. Co. of Am.*, 763 F.Supp.2d 930, 937 (M.D. Tenn. 2010). "To survive such a motion, a [pleading] need not contain 'detailed factual allegations,' but it must contain more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing this counterclaim, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* Instead, "[o]nly well-pleaded facts are construed liberally in favor of the party opposing the motion to dismiss." *Id.*

"A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). However, "when a written instrument contradicts

allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Creelgroup, Inc. v. NGS Am., Inc.*, 518 F. App'x. 343, 347 (6th Cir. 2013).

**Argument**

Dr. Elmessiry cannot maintain his two claims for Breach of Fiduciary Duty or his claim for Unjust Enrichment as alleged in his Counterclaim.

**A. Counts I and II Should be Dismissed because Dr. Elmessiry Failed to Allege the Breach of Any Partnership Fiduciary Duty Recognized Under Tennessee Law or that Any Alleged Breach Was Against Dr. Elmessiry in His Personal Capacity.**

Under Tennessee's Revised Uniform Partnership Act, Tenn. Code Ann. § 61-1-101, *et seq.*, the only fiduciary duties owed by one partner to another are the duties of loyalty and care. *See* Tenn. Code Ann. § 61-1-404(a) ("The only fiduciary duties a partner owes to the partnership and the other partners are the duty of loyalty and the duty of care set forth in subsections (b) and (c)."). The duty of loyalty is expressly limited to three specific acts:

> (1) To account to the partnership and hold as trustee for it any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business or derived from a use by the partner of partnership property, including the appropriation of a partnership opportunity;
> (2) To refrain from dealing with the partnership in the conduct or winding up of the partnership business as or on behalf of a party having an interest adverse to the partnership; and
> (3) To refrain from competing with the partnership in the conduct of the partnership business before the dissolution of the partnership.

Tenn. Code Ann. § 61-1-404(b). The duty of care is likewise limited and requires "refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law." Tenn. Code Ann. § 61-1-404(c).

As an initial matter, there are two separate counts alleging breach of fiduciary duty. However, it is not clear in either of these counts exactly which fiduciary duties Dr. Elmessiry claims the Counter-defendants breached. Rather than specifying a breach of the duty of loyalty or care, he simply says that the Counter-defendants "owed fiduciary duties to Dr. ELMessiry in all matters pertaining to the Partnership." (Countercl. ¶¶ 26, 34, D.E. 54). These allegations are a gross overstatement of a partner's fiduciary duties under Tennessee law, and, accordingly, cannot support a claim for breach of fiduciary duty.

Beyond this, Dr. Elmessiry also does not provide any facts that allege a cognizable claim for a breach of either the fiduciary duty of loyalty or care.

In the first count, Dr. Elmessiry claims that the Counter-defendants "promised to provide funding for the creation of the ROBe2 Protocol" and "have failed to live up to their obligation to the partnership." (*Id.* ¶¶ 26, 30). The failure to provide funds to the partnership is not a breach of the duty of loyalty as specified in Tennessee Code § 61-1-404(b) because the supposed obligation to *provide* funds to the partnership concerns funds that are not yet partnership property, the funds for which partners must account. Additionally, the allegation does not relate to any kind of competitive activity or the winding up of the partnership. Similarly, the allegation does not demonstrate a breach of the duty of care, and no allegations of gross negligence or intentional misconduct are even alleged by Dr. Elmessiry.

However, even if this allegation supported a breach of any fiduciary duty, it is unclear how failing to provide these funds is a failing "to live up to their obligation to the partnership." (Countercl. ¶ 30, D.E. 54). The pleadings state that WebDBTech was hired to perform the work to develop the ROBe2 Protocol and, consequently, WebDBTech, not the partnership, would be the one "promised" funds for creating the ROBe2 Protocol. (*See id.* ¶ 27 and Exs. A–D thereto,

4872-7369-5045

6

D.E. 54-1–54-4). These funds were, in fact, allegedly provided by several parties, including the Counter-defendants. (*Id.* ¶ 17).

In the second count, Dr. Elmessiry contends that certain investor proceeds have not been shared with Dr. Elmessiry. (Countercl. ¶¶ 36–40, D.E. 54). In essence, he alleges that by preserving the investments in the partnership, the partners have breached their fiduciary duties to Dr. Elmessiry. While partners are obligated to hold, in trust, any property or proceeds of the partnership as a part of their duty of loyalty, Dr. Elmessiry has not claimed that the Counter-defendants have failed to do so. Dr. Elmessiry, as a partner, may be entitled to his share of any distributions from the partnership, but he has not alleged that the Counter-defendants took any shares of investor proceeds from the partnership trust for themselves.[2] It is *dumbfounding* that Dr. Elmessiry is arguing that Counter-defendants breached their fiduciary duties to him by refraining from using investments in the partnership as the partners' shared piggy bank (thereby honoring their fiduciary duties to the partnership).

Thus, these two counts are insufficient to state a claim for breach of fiduciary duty.

### B. Count III Should Be Dismissed Because Dr. Elmessiry Did Not Plead That He Conferred A "Benefit" or that the Retention of Such "Benefit" Would be Unjust.

To properly plead unjust enrichment, one must plead: "1) [a] benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof. *Wilson Bank & Trust v. Consol Util. Dist.*, No. M2021-

---

[2] To the extent Dr. Elmessiry's breach of fiduciary claim is also based on the fact that he did not receive "his share" of NFTs, he has not alleged that he, as a partner, was entitled to a portion of NFTs (NFTs which, by the way, he claims to have distributed); so, receipt of NFTs by the Counter-defendants is not, without more, evidence supporting a breach of fiduciary duty. Further, for the reasons stated in Section B below, the value of the NFTs without the production of the underlying ROBe2 Protocol is not pled but is believed to be zero, which means the pleadings do not support that there were any proceeds to distribute to the partnership.

4872-7369-5045

00167-COA-R3-CV, 2022 Tenn. App. LEXIS 228, at *26 (Tenn. Ct. App. June 10, 2022). Thus, "[t]he amount of recovery [in an unjust enrichment claim] is the value of the benefit conferred, not the cost to the furnisher." *Simpson v. Bicentennial Volunteers, Inc.*, No. 01-A-01-9809-CV-00493, 1999 Tenn. App. LEXIS 414, at *2 (Tenn. Ct. App. June 29, 1999). "Unjust enrichment is a quasi-contractual theory or an equitable substitute for a contract claim in which a court may impose a contractual obligation where one does not exist." *Metro. Gov't of Nashville & Davidson Cty. v. Cigna Healthcare of Tenn., Inc.*, 195 S.W.3d 28, 32 (Tenn. Ct. App. 2005).

Dr. Elmessiry alleges that the Counter-defendants were unjustly enriched by 1.) the funds they allegedly received from investors for the ROBe2 Protocol and 2.) the NFTs allegedly provided by WebDBTech to the investors and Counter-defendants. (Countercl. ¶ 46, D.E. 54). These allegations are insufficient as a matter of law.

*First*, the Counterclaim does not allege that Dr. Elmessiry, himself, provided any benefit to the Counter-defendants. While the Counterclaim attempts to include "Dr. Elmessiry" as a party who "fully performed [the] work on the ROBe2 Protocol;" the other allegations and exhibits tell a different story. It was WebDBTech, not Dr. Elmessiry, that was allegedly hired and paid to create the NFTs and to work on the ROBe2 Protocol. (*See id.* ¶¶11–13, 17–18, Exs. A–D, 54-1–54-4). The payment for and retention of the NFTs were contemplated, to varying degrees, by several of these fully integrated agreements that Dr. Elmessiry claims are valid and enforceable. Therefore, since these claims are the subject of a contract, they cannot also be the subject of a claim for unjust enrichment. *See Metro Gov't of Nashville & Davidson Cty.*, 195 S.W.3d at 32. Thus, unless Dr. Elmessiry is saying that he and WebDBTech are one person, the facts alleged show that WebDBTech, not Dr. Elmessiry, provided the alleged "benefit" to the partnership.

4872-7369-5045

*Second*, Dr. Elmessiry has not pled that the NFTs provided to the investors had any value. A "benefit" for the purpose of unjust enrichment is "any form of *advantage* that has a *measurable value* including the advantage of being saved from an expense or loss." *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (emphasis added). In order for the NFTs to have value for investors, Dr. Elmessiry or WebDBTech had to deliver the corresponding ROBe2 Protocol in a functioning form. The Counterclaim does not allege that they did so, nor does it plead how the NFTs had value to investors without delivery of the ROBe2 Protocol. (*See* Countercl. ¶ 21 (the parties "timely delivered the Non-Fungible Tokens ('NFTs') to the investors *in the protocol*") (emphasis added), ¶ 41 (alleging Counter-defendants "have obtained investors *for the ROBe2 protocol*," not for NFTs) (emphasis added), and Ex. E (stating that NFT Bonds "provide an opportunity for investors to *own part of the ROBe2 Protocol*" and that "their value is *based on the price of the underlying token of the ROBe2 Protocol*") (emphasis added)). Without the ROBe2 Protocol, the NFTs are merely lines of code representing assets that do not exist, and provision thereof is not a "benefit" that can underlie a claim of unjust enrichment.

*Finally*, Dr. Elmessiry has not sufficiently alleged that the Counter-defendants' retention of any "benefits" would be inequitable. Per the attached Exhibits A–D, neither Dr. Elmessiry nor the partnership are owners of the NFTs. The Intellectual Property (defined term) was made as a "work for hire" and assigned to Pabari and others. Thus, Dr. Elmessiry has not pled that he was entitled, individually or through the partnership, to the NFTs or any funds allegedly received by Counter-defendants from investors related to the sale of their own intellectual property.

Alternatively, even if funds were owed to the partnership based on the NFTs, this would be a claim for the partnership, not Dr. Elmessiry. Dr. Elmessiry alleges that his company,

4872-7369-5045

9

WebDBTech, was hired by the partnership to work on the ROBe2 Protocol, and that WebDBTech was at least partially paid by the Counter-defendants. (Countercl. ¶¶ 11-12, 17). It is not clear whether this partial payment was sufficient compensation for the value of the only "benefit" allegedly provided (the deployed NFTs to investors) versus other listed Services in the Agreements,[3] some of which are not addressed in the pleading and some which Dr. Elmessiry expressly admits that WebDBTech did not perform. (Countercl. ¶ 21). What is clear, however, is that Dr. Elmessiry has not alleged the benefit *he* conferred to the partnership. To the extent the Counter-defendants did fail "to pay what is owed," and that failure represents a proper claim for unjust enrichment, the claim is the partnership's, not Dr. Elmessiry's.[4]

Ultimately, Dr. Elmessiry has not pled the retention of a benefit, with measurable value, by the Counter-defendants or that retention would be inequitable under the circumstances. For the reasons stated above, Dr. Elmessiry has not pled sufficient facts to support his claims and, consequently, his Counterclaim should be dismissed with prejudice.

---

[3] The total amount owed on the alleged Agreements is $1,080,000 and, per WebDBTech, $698,647 of that has already been paid. *See* Am. Countercl. ¶¶ 13-14, 16-17. The creation and deploying of NFTs is clearly contemplated by two of the Agreements, both of which have an integration clause. *See* Am. Countercl. at Ex. A at ¶¶ 12-13 and Ex. D at ¶13 and Sch. A. Thus, the amount of compensation allegedly owed for the deployed NFTs must be based on these Agreements (totaling $680,000 for numerous Services) and not any additional oral agreements.

[4] Interestingly, Dr. Elmessiry does not plead what his obligations were or that he made a contribution, financially or otherwise, to the partnership.

4872-7369-5045

Respectfully submitted,

/s/ Charles H. Williamson
Charles H. Williamson (TN BPR 018287)
David J. Zeitlin (TN BPR 037664)

WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: charley.williamson@wallerlaw.com
david.zeitlin@wallerlaw.com

Of counsel:

Christopher D. Davis (VSB No. 74809)
(Admitted *Pro Hac Vice*)
Destinee B. Byers (VSB No. 94691)
(Admitted *Pro Hac Vice*)
DAVIS LAW, PLC
555 Belaire Ave., Ste. 340
Chesapeake, Virginia 23320
Telephone: (757) 410-2293
Facsimile: (757) 257-8614
Email: chris@davislawplc.com
destinee@davislawplc.com

*Attorneys for Luminor Consulting Corporation; DLC Elite Lending Corporation; Heard Concrete Construction Corp.; Thomas Davis; Kevin Harrison; Anish Pabari; and, Jeff Hou Yin Ho*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 21, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

      Thomas Anthony Swafford BPR #17578
      Tara L. Swafford BPR #17577
      Elizabeth G. Hart, BPR #30070
      THE SWAFFORD LAW FIRM, PLLC
      321 Billingsly Court, Suite 19
      Franklin, Tennessee 37067
      Tel:   (615) 599-8406
      Fax:   (615) 807-2355
      Email: tony@swaffordlawfirm.com
             tara@swaffordlawfirm.com
             betsy@swaffordlawfirm.com

*Counsel for Defendants and Counter-Plaintiffs*

                                    s/ *Charles H. Williamson*
                                      Charles H. Williamson